IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mehendra Patel, | C.A. No.: 2:23-cv-00054-BHH |
|    Plaintiff, | |
| v. | **TRUIST BANK'S** |
| | **MOTION TO DISMISS** |
| Truist Bank f/k/a SunTrust Bank, | |
|    Defendant. | |

Defendant Truist Bank f/k/a SunTrust Bank ("**Truist**") moves to dismiss Plaintiff Mehendra Patel ("**Plaintiff**") negligence complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff admits she is not a Truist customer. Because it is well-established a bank, such as Truist, does not owe a duty of care to a non-customer, the negligence claims fail as a matter of law and must be dismissed.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff filed suit against Truist for damages arising from the issuance of six personal checks by Plaintiff (five checks for $9,000 and one check for $5,000) totaling $50,000, which were allegedly intercepted by a third party. Compl. ¶ 5, 7. The checks were issued from Plaintiff's personal banking account with TD Bank on or about January 5, 2022. Compl. ¶ 5-6. Plaintiff issued the six checks to Keyuri Patel Shah and mailed the checks to Jayeah Patel, who the intended recipient was visiting. Compl. ¶ 5, 7. The six checks were deposited into a SunTrust (n/k/a Truist Bank) account in Georgia into an account in the name of "Keyuri Shah." Compl. ¶ 8, 10. Plaintiff alleges the intended recipient, Keyuri Patel Shah, never received the checks and that the SunTrust account did not belong to Keyuri Patel Shah. Compl. ¶ 8, 11.

Plaintiff alleges Truist was "was negligent, grossly negligent, reckless, and wanton" by:

- failing to provide adequate security and fraudulent prevention measures to ensure checks are deposited in accounts belonging to the intended recipients,

- in failing to adequately train employees in proper fraud detection and prevention measures,

- in failing to adequately supervise employees to ensure fraud detection and prevention measures are properly effectuated,

- in failing to develop and maintain proper protocols to ensure adequate fraud detection and prevention measures are implemented,

- in depositing nine [sic] checks issued by the Plaintiff into an account not belonging to the intended recipient,

- and in failing to take immediate and appropriate remedial corrective action measures once the Defendant was put on notice of a fraudulent deposit, including but not limited to freezing the deposit account funds.

Compl. ¶15. Plaintiff is improperly attempting to assert negligence claims against Truist because Truist owes no duty to Plaintiff, who was not a customer of the bank. For the reasons below, the negligence cause of action fails as a matter of law and should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss tests the sufficiency of a complaint. Plaintiff's claims are governed by the plausibility standards explained in the U.S. Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible only when the pleadings permit a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Put differently, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When evaluating a motion to dismiss, the Court may properly consider documents integral to the complaint without converting the motion into one for summary judgment. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). As a result, the Court can consider the checks, attached as exhibits to Plaintiff's Complaint, because they are "explicitly relied on in the complaint" and "integral to" the Plaintiff's claims. *See, e.g.*, *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850 (4th Cir. 2016).

## ARGUMENT

**I.     Plaintiff's Negligence Claim Fails as a Matter of Law**

Despite asserting a single cause of action, Plaintiffs' Complaint alleges both a negligence cause of action and a gross negligence cause of action. No matter the variety, it fails as a matter of law.

    **a. Plaintiff's negligence claim fails because there is no duty owed to a non-costumer**

Plaintiff alleges Truist was "negligent, grossly negligent, reckless, and wanton" because the bank allegedly allowed a third party to open a checking account in the name of the intended recipient and deposit checks issued by Plaintiff into that account. It is undisputed that Plaintiff is not a customer of Truist, and the issued checks were from Plaintiff's personal TD Bank account.

To bring a successful negligence claim in South Carolina, a plaintiff must show that "(1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty by

3

a negligent act or omission; (3) the defendant's breach was the actual or proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damages." *Duncan v. Cent. Loan Admin. & Reporting*, No. 2:20-CV-2543-DCN, 2020 WL 5913519, at *2 (D.S.C. Oct. 6, 2020). A duty is generally defined as "the obligation to conform to a particular standard of conduct toward another." *Hubbard v. Taylor,* 339 S.C. 582, 529 S.E.2d 549, 552 (S.C. 2000) (internal quotation omitted). For negligence liability to attach, the parties must have a relationship recognized by law as the foundation of a duty of care. *Ravan v. Greenville Cnty.,* 315 S.C. 447, 434 S.E.2d 296 (S.C. Ct. App. 1993).

It is well recognized in South Carolina that banks do not owe a duty of care to non-customers. *Kerr v. Branch Banking & Tr. Co.*, 408 S.C. 328, 333, 759 S.E.2d 724, 726 (2014) ("We find there is no basis in the law for a finding that BB & T owed any duty to Appellants, as non-customer investors, sufficient to support their claims for negligence, negligent misrepresentation, or fraudulent inducement."); *Gecy v. S.C. Bank & Tr.*, 422 S.C. 509, 518, 812 S.E.2d 750, 755 (Ct. App. 2018) (holding bank did not owe a duty of care to a non-customer when the non-customer's claim was based on financing application between the bank and its customer); *Overland, Inc. v. Nance*, 423 S.C. 253, 254–55, 815 S.E.2d 431, 431–32 (2018) (affirming trial court's grant of summary judgment because non-customer plaintiff failed to establish banks owed a duty of care); *see also Huggins v. Citibank, N.A.*, 355 S.C. 329, 334, 585 S.E.2d 275, 277 (2003) (holding credit card issuers do not owe a duty of care to potential victims of identity theft).

The Fourth Circuit and its district courts agree: a bank, such as Truist, does not owe a duty of care to a non-customer. *E.g.*, *Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220, 225 (4th Cir. 2002) ("Courts in numerous jurisdictions have held that a bank does not owe a duty of care to a noncustomer with whom the bank has no direct relationship."). This is true even if the non-

4

customer provided funds to the account. *Scott v. Branch Banking & Tr. Co.,* 588 F. Supp. 2d 667 (W.D. Va. 2008), *aff'd,* 332 F. App'x 112 (4th Cir. 2009); *see also Nat'l Union Fire Ins. Co. v. Allfirst Bank*, 282 F. Supp. 2d 339, 342-43 (D. Md. 2003) (no duty owed by banks to plaintiff, where a fraudster opened up an account in the plaintiff's name at the bank, and the bank allowed the fraudster to deposit checks into that account). In fact, neither South Carolina law nor the law of any other state imposes a contractual or extra-contractual duty of care on a financial institution to prevent a depositor from misusing funds in a deposit account. *See, e.g.*, *Scott*, 588 F. Supp. 2d at 676 (determining that a bank does not have a duty to monitor its customers' accounts). Courts have recognized the important policy reasons behind this general rule and the "shambles" that the arguments such as those advanced by Plaintiff "would create of the banking industry." *Id.* A bank such as Truist processes thousands of deposit transactions every business day and it would be unreasonable to expect a bank to monitor all customer accounts to protect a non-customer, such as Plaintiff. Nor does Truist owe any such contractual duty of care to Plaintiff.

Here, Plaintiff's complaint fails to state a claim that is plausible on its face because Plaintiff, a non-customer of Truist, cannot allege Truist owed her any duty of care. Since no duty of care is owed to Plaintiff, it is impossible for Truist to have breached that duty by any negligent act or omission. Under well-established South Carolina law, Plaintiff's claim fails under the first prong necessary to bring successful negligence claim, and the Court need not look any further. Because Plaintiff cannot establish Truist owed her a duty of care, the negligence cause of action fails, and Plaintiff's claims should be dismissed in their entirety.

## **CONCLUSION**

For these reasons, Truist asks the Court to dismiss Plaintiff's Complaint because it fails to state a claim upon which relief can be granted.

<u>/s/ Jason D. Wyman</u>
S. Sterling Laney, III
Jason D. Wyman
WOMBLE BOND DICKINSON (US) LLP
500 South Main Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 255-5400
E-mail:  Sterling.Laney@wbd-us.com
                Jason.Wyman @wbd-us.com


*Attorneys for Defendant Truist Bank*

January 13, 2023

6